IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

 vs.                                                     CIVIL NO. 10-930 MCA/LFG
                                                           CRIM. NO. 06-2605 MCA

RICKY BARKSDALE GREEN,

        Defendant-Movant.

**ORDER GRANTING MOTION TO SUPPLEMENT
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

THIS MATTER comes before the Court on the Motion [Doc. 7] filed November 5, 2010 by Defendant Ricky Barksdale Green ("Green"), in which he asks for an extension of time to amend and supplement his Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. No response is necessary.

Green's Motion to Vacate [Doc. 1] was filed September 29, 2010.  The Court entered an Order [Doc. 2] on October 4, 2010, directing Respondent United States to file an Answer within 23 days.  Respondent sought and was granted an extension of time; its Answer is now due on November 26, 2010.  Meanwhile, Green filed this motion, asking to supplement his original Motion to Vacate.  Green states that he wishes to include a "meritorious ineffective assistance of counsel claim." [Doc. 7, at 1].

The Court will permit Green to supplement his Motion to Vacate, and will further extend the time for Respondent to file an Answer to the amended Motion to Vacate.  The Court notes that, although Green included several disparaging comments about his standby trial counsel in the original Motion to Vacate, he did not specifically cite ineffective assistance as a ground for relief. [Doc. 1, at 7].  If the failings of trial counsel alleged in the original Motion to Vacate constitute the grounds for Green's claim of ineffective assistance, he shall so notify the Court, rather than

submitting an additional lengthy pleading related to the ineffective assistance claim.

The Court further notes that Green sets forth three formal grounds for relief in his original Motion to Vacate: (1) he did not knowingly and voluntarily waive his right to counsel; (2) "Right to remain silent custodial Interogation [sic]"; and (3) the sentence violated his constitutional rights. Only the first issue is addressed in Green's original Motion to Vacate. The Court will assume that Green intends to abandon grounds (2) and (3), as he provided the Court and Respondent with no other information regarding these claims. If Green does not intend to abandon these claims, he must provide a more definite statement as to the facts which he alleges support these claims.

By permitting Green to amend his Motion to Vacate to include a claim of ineffective assistance of counsel and, if he wishes, to clarify grounds (2) and (3) of his original Motion to Vacate, the Court does not invite him to submit a lengthy discourse on the law. Rather, Green is directed to submit a short and plain statement of his claim for relief and a demand for the specific relief he seeks, as required by FED. R. CIV. P. 8(a).

IT IS THEREFORE ORDERED that Defendant-Movant's Motion to Supplement [Doc. 7] is granted. He will have until November 29, 2010 to file his Amended Motion, following the directives given above.

IT IS FURTHER ORDERED that the United States will have until December 29, 2010 to file its Answer to the Amended Motion. This order supersedes the prior Order Granting Extension of Time [Doc. 6], and the United States need not file an Answer to the original Motion to Vacate but only to the Amended Motion.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge